IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff/Respondent,  vs.  BRANDON FRANK STRICKER,  Defendant/Movant. | CR 20–46–BLG–DLC  ORDER |

In February 2021, Stricker pled guilty to a single count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  (*See* Docs. 29, 54, 55, 63.) In June 2021, Stricker was sentenced to 168 months of custody followed by twelve years of supervision.  (*See* Docs. 84, 116.)  He now seeks federal habeas relief under 28 U.S.C. § 2255.  (Docs. 104, 106, 107, 120, 121, 131.)  An evidentiary hearing has been set for September 27, 2024.  (Docs. 145, 147.)  There are two pending motions associated with that hearing.

First, Stricker has moved unopposed for permission to allow his sister, Heather Altenhofen, to appear remotely at the September 27 hearing.  (Doc. 148.) Because Stricker has provided good cause for his requested relief, *see* Fed. R. Civ. P. 43, this motion is granted.

1

Second, Stricker's prior defense counsel Daniel Ball has moved to quash the subpoena for his appearance at the September 27 hearing or, alternatively, for an order permitting him to appear via video at that hearing.[1] (Doc. 149.) Stricker does not opposed Ball's video appearance, however, the government has lodged its objection. (*See id.*) More information is needed to resolve this motion.

Accordingly, IT IS ORDERED that:

(1) Stricker's motion for remote appearance of his sister (Doc. 148) is GRANTED. Heather Altenhofen may appear remotely at the September 27 hearing. The Clerk of Court shall notify defense counsel via e-mail of the meeting ID and password within 24 hours of the hearing. **Zoom Guidance and Setup available at: https://www.mtd.uscourts.gov/zoom-hearings**. It is the obligation of defense counsel to ensure this information is provided to the witness and that she is available to testify remotely at the requisite time.

(2) The government must respond to Ball's motion to quash/appear remotely by 5:00 p.m. on September 25, 2024. That response must address both the basis for its objection to his remote appearance and its response to Ball's arguments challenging the validity of the subpoena under Rule 45 of the Federal Rules of Civil Procedure. The failure to respond will be deemed an admission that

---

[1] Alternatively, Ball requests reasonable compensation for his time. Such compensation is not permitted under the Criminal Justice Act. *See* Chapter 7 of the Guide to Judiciary Policy, § 230.63.60(d).

his request to appear remotely is well-taken.

    DATED this <u>24th</u> day of September, 2024.

                                                    Dana L. Christensen, District Judge
                                                    United States District Court