IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–46–BLG–DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| BRANDON FRANK STRICKER, | |
| Defendant/Movant. | |

In February 2021, Stricker pled guilty to a single count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  (*See* Docs. 29, 54, 55, 63.)  In June 2021, Stricker was sentenced to 168 months of custody followed by twelve years of supervision.  (*See* Docs. 84, 116.)  He now seeks federal habeas relief under 28 U.S.C. § 2255.  (Docs. 104, 106, 107, 120, 121, 131.)  An evidentiary hearing has been set for September 27, 2024.  (Docs. 145, 147.)  The government has subpoenaed Stricker's trial counsel, Daniel Ball, as a witness.  (*See* Doc. 150.)  Ball moved to quash that subpoena or, alternatively, for an order permitting him to appear via video.  (Doc. 149.)  While Stricker does not oppose Ball's request to appear remotely, the government objects because determining witness credibility—specifically, Ball's credibility—is the primary purpose of the evidentiary hearing

1

and that purpose would not be served by a remote appearance. That objection has merit. Thus, Ball's in-person testimony is required, and his request to appear remotely is denied.

Ball's attempt to quash the subpoena under Rule 45 of the Federal Rules of Civil Procedure is also unavailing. While there is a longstanding practice of applying the civil rules in the habeas context—including the civil rules governing subpoenas, *see Chessman v. Teets*, 239 F.2d 205, 211 (9th Cir. 1956), *rev'd on other grounds*, 354 U.S. 156 (1956); *Lyles v. Beto*, 32 F.R.D. 248 (S.D. Tex. 1963); *Blum v. Housewright*, 113 F.R.D. 676 (D. Nev. 1987)—Ball fails to show relief is warranted under Rule 45. Rule 45 provides that a subpoena may command a person to attend a "trial" anywhere "within the state where the person resides, is employed, or regularly transacts business in person," so long as the person "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii). Ball argues that this hearing is not a "trial," and he would incur "substantial expense." Neither argument provides a basis for quashing the subpoena here.

First, Ball is indeed correct that this specific provision of Rule 45 uses the term "trial," making it distinct from other types of hearings and depositions. In the habeas context, however, it is an evidentiary hearing that serves to adjudicate the facts of the case on the merits. Thus, the purpose behind Rule 45 and the need to ensure witnesses may be compelled to attend trial applies equally to this context.

Second, while Ball argues that he will lose significant income from being required to attend, every witness subject to a subpoena faces this same loss. *See Russell v. Walmart Inc.*, 2023 WL 63697446, at *2 (C.D. Cal. Jan. 31, 2023) (rejecting a "substantial expense" argument regarding lost income as "any witness . . . that has been subpoenaed to testify at trial could make the same arguments, rendering Rule 45 meaningless"). Witness fees, i.e., compensation, are set by statute. *See* 28 U.S.C. § 1821(b). Indeed, if a treating physician refused to appear at a personal injury trial, he or she would be subject to a Rule 45 subpoena and the same daily fee of $40. And the government will be required to pay Ball's reasonable travel expenses. *See id.* § 1821(c), (d).

Accordingly, IT IS ORDERED that the motion to quash (Doc. 149) is DENIED. Ball must testify in person at the September 27 hearing and the government must pay his witness fees and reasonable expenses. *See* 28 U.S.C. § 1821.

DATED this 26th day of September, 2024.

_____
Dana L. Christensen, District Judge
United States District Court